# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Kurt Kalani Sparks, ) | |
| ) | Civil Action No. 6:15-cv-02902-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Henderson County Sheriff's Office; ) | |
| Corporal Kyle Collins; ) | |
| Sheriff Charles L. McDonald; ) | |
| Captain Chris Denny; ) | |
| Captain Player; ) | |
| Lieutenant McDonald; ) | |
| Henderson County Law Enforcement ) | |
| Commissioner; ) | |
| John Doe Officer #1; ) | |
| John Doe Officer #2; ) | |
| John Doe Officer #3; ) | |
| Nurse Administrator for HCDF, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 11), filed on July 29, 2015, recommending that Plaintiff's action (ECF No. 1) be transferred to the Western District of North Carolina. The Report sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation herein without a recitation.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, and the recommendation has no presumptive weight—the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those

1

portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

In his Report, Magistrate Judge Kevin McDonald concluded: "In light of the fact that the relevant events in this case took place in the Western District of North Carolina and all defendants are in the Western District of North Carolina, . . . venue is improper in the District Court of South Carolina." (ECF No. 11 at 2–3 (citing *Mead v. Gaston Cnty. Police Dep't*, Civil Action No. 0:11-cv-3017-JFA, 2012 WL 2012 WL 631850, at *2 (D.S.C. Feb. 27, 2012).) However, Plaintiff filed an Objection to the Report on August 26, 2015, (ECF No. 14 at 1)—over one week later than the stipulated deadline Plaintiff had to file any objections—in which he "specifically and solely" argues that the Report misstates the actual date of his initial arrest and requests that this court "modify the record" accordingly.[1]

Upon review of the record and Report, this court recognizes that Plaintiff, as part of his Complaint, indeed states that his initial arrest was on March 23, 2015, (ECF No. 1 at 3), and not March 25, 3015, as the Report states, (ECF No. 11 at 1). Notwithstanding this discrepancy, this court finds that the Magistrate Judge's Report provides an accurate analysis of the law as applied to this case's facts.

The court therefore **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 11). It is therefore **ORDERED** that Plaintiff's action (ECF No. 1) be **TRANSFERRED** to the United States District Court for the Western District of North Carolina. This court further

---

[1] Plaintiff also included an Affidavit (ECF No. 14-1) with his Objection, in which he appears to generally allege that staff members of the Spartanburg County Detention Center are inappropriately reading his mail. This court does not consider those allegations here.

renders Plaintiff's Motion to Appoint Counsel (ECF No. 15) and Motion for Summary Judgment (ECF No. 16) **MOOT**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

January 15, 2016
Columbia, South Carolina

3